IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HITENDRA BHAKTA,

    Plaintiff,

vs.                                                                                                       Civ. No. 04-0798 MV/LFG

MOTEL 6 and JEFF MARTELLA,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Motel 6's Motion to Transfer, **[Doc. No. 11]**, filed on October 28, 2004. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**.

### BACKGROUND

Hitendra Bhakta ("Plaintiff") was the general manager of one of Motel 6's properties in Denver, Colorado. In May 2003, Plaintiff and his family stayed at a Motel 6 in Casper, Wyoming. During their stay, Plaintiff's son allegedly found a used condom in the room, put it in his mouth, and swallowed it. Following the incident, Plaintiff complained to the Casper Motel 6, the Motel 6 Corporate office, and Jeff Martella, Plaintiff's area manager. He later filed charges against Motel 6 in Wyoming. That case is currently pending.

About a month later, on June 4, 2003, Mr. Martella and Motel 6's general manager, Connie Holzwarth, visited Plaintiff's Motel 6 near Denver. Mr. Martella allegedly had heard

reports that Plaintiff hired a "ghost" employee, Ed Gallant, who received paychecks but did little work for the motel. During his visit, Mr. Martella learned that Mr. Gallant had been hired in June 2002, and since that time, he supposedly averaged almost forty hours per week and had received a total of seventy-four hours in overtime. On several occasions, Mr. Gallant reported working sixteen hours straight. Further, Plaintiff allegedly had given Mr. Martella two separate raises in ten months.

Employees allegedly told Mr. Martella, however, that Mr. Gallant "barely" worked three to four hours a day doing light-duty jobs. Mr. Gallant himself told Mr. Martella that he worked only a few hours a day doing "this and that" for Plaintiff and that his primary responsibility was to babysit for Plaintiff's son. During the visit, Mr. Martella looked at Mr. Gallant's employee file, as well as at his timecard stubs. He noticed that Plaintiff used a particular "white-out" code, which allowed Mr. Gallant to receive a seventy-five cent increase, rather than the twenty-five cent increase Mr. Martella had approved. That day, Mr. Martella terminated Plaintiff for falsification of company records and documents. The next morning, Mr. Martella discovered that Mr. Gallant's employee file and all employee timecards from the past six months were missing. These items never were recovered.

On March 17, 2004, Plaintiff filed a Complaint against Motel 6 and Jeff Martella for breach of contract, wrongful termination, breach of the covenant of good faith and fair dealing, negligent or intentional misrepresentation, promissory estoppel, and interference with contractual relations in Bernalillo County's Second Judicial District. Plaintiff also alleged that he was retaliated against for filing a suit against Motel 6 as a result of his son's alleged injuries. Defendants counterclaimed, alleging that Plaintiff unlawfully converted funds from Motel 6. On

July 14, 2004, Defendant Motel 6 filed a Notice of Removal to federal court. On October 6, 2004, this Court dismissed Defendant Martella from the case at the request of Plaintiff **[Doc. No. 10]**.

## **DISCUSSION**

Defendant now seeks to transfer the instant case to Colorado for several reasons, including the convenience of non-party witnesses and considerations of judicial economy. In response, Plaintiff argues that his choice of forum should be given "considerable weight" and that Defendant has not carried its burden of showing that the case should be transferred to the District of Colorado. The Court will address these arguments in turn.

**I.     Transfer**

The venue transfer statute provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (internal citations omitted). The party seeking transfer bears the burden of establishing that the existing forum is inconvenient. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

The Tenth Circuit has stated that a district court should take into consideration the following factors when deciding whether to transfer a case:

> ...[T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory

> process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (citation omitted).

In the instant case, Defendant presents several compelling reasons why transfer to the District of Colorado is appropriate. First, Defendant states that venue is proper there because "a substantial part of the events giving rise to Plaintiff's claim occurred in Colorado." Second, Defendant states that because nearly all of the witnesses in the case live in Colorado, it will be much more convenient for them to attend depositions and trial there. Third, Defendant argues that Colorado has a greater interest in hearing the case because it arises out of events that occurred in Colorado and the case will require the application of Colorado law. Fourth, Defendant argues that the District of Colorado's docket is much less congested than the District of New Mexico's docket. Finally, Defendant argues that transfer to Colorado would reduce the costs of litigation and promote judicial economy.

In response, Plaintiff's sole argument is that his choice of forum should be given considerable weight. Because New Mexico is not the location of the events giving rise to the case, however, Plaintiff's preference for pursuing the action here is not necessarily entitled to the weight he suggests. *Bailey v. Union Pacific R.R. Co.*, 364 F. Supp. 2d 1227, 1230 (D. Colo. 2005) (citations omitted); *see also In re Eastern District Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994) ("when a plaintiff's chosen forum has no connection to the

events which gave rise to the claim for relief, 'plaintiff's choice of forum is a less weighty consideration'"); *Dicken v. United States*, 862 F. Supp. 91, 92-3 (D. Md. 1994) ("[w]hile a plaintiff's choice of forum is ordinarily accorded considerable weight, 'the plaintiff's choice of forum is given little weight when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy.'") . Further, Defendant can rebut Plaintiff's forum choice by providing reasons why transfer is appropriate.

In this case, Plaintiff's choice of forum is entitled to "some deference," but that deference is limited in part because the balance of interests clearly support a transfer to the United States Court for the District of Colorado. *Dicken*, 862 F. Supp. at 93.

### A.     Witness Convenience and Access

Here, "the convenience of the witnesses and the availability of compulsory process to insure the attendance of witnesses are the most compelling factors" weighing in favor of transfer. *See Bailey*, 364 F. Supp. 2d at 1230. Nearly all of Plaintiff's and Defendant's witnesses, including all of the former and current employees of the Motel 6, live in Colorado. *See* Initial Pre-Trial Report ("IPTR"). The only witnesses who reside outside of Colorado are Plaintiff and his wife, Mr. Martella[1], Gary Womack, and the Records Custodian of the New Mexico Department of Vital Statistics[2]. *See* IPTR. Moreover, because the overwhelming majority of the non-party

---

[1] According to the IPTR, Mr. Martella currently resides in Utah. Defendant states it will be easier for Mr. Martella to travel to Colorado from Utah than to New Mexico.

[2] Defendant states that the Records Custodian will be used to testify to the fact that Mr. Gallant is deceased. Defendant also states, however, that a certified death certificate may also be sufficient to prove that fact.

witnesses reside beyond 100 miles of the New Mexico border, this Court would lack compulsory power to assure their attendance at trial.  *See* Fed. R. Civ. Pro. 45 45(b)(2) (the subpoena power of the court only extends to places outside the district that are within 100 miles of the place of trial).  While Defendant could present deposition testimony of unavailable witnesses, "it would be unfair to force them to present a significant portion of their case by deposition."  *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993).  Thus, the convenience of and access to crucial witnesses will be materially advanced by the treatment of these claims in Colorado.

**B.     Colorado's Interest in the Case and Familiarity With Applicable Law**

Another factor to consider in the transfer analysis is the proposed forum's interest in the case and its familiarity with the applicable law.  *See Chrysler Credit Corp.*, 928 F.2d at 1516.

A federal court sitting in a diversity case must apply the substantive law of the forum, including its choice of law rules. *Ferens v. John Deere Co.*, 494 U.S. 516, 519 (1990) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941)).  In the instant case, Plaintiff alleges contract and tort claims in his Complaint.  Defendant alleges the tort of conversion in its Counterclaim.  Because these are state law claims, substantive Colorado state law will apply.  *See Ettenson v. Burke*, 130 N.M. 67, 78, 17 P.3d 440, 451 (N.M. Ct. App. 2000) (New Mexico courts analyze contract claims according to the substantive laws of the state where the contract was formed); *In the Matter of Estate of Gilmore*, 124 N.M. 119, 122, 946 P.2d 1130, 1133 (N.M. Ct. App. 1997) (In determining which state's law to apply in tort action, New Mexico generally follows "doctrine of lex loci delicti," meaning the "law of the place where the crime or wrong took place.").  While this Court is qualified and able to apply substantive Colorado law, a

federal court in Colorado decidedly is more familiar with it, another consideration weighing in favor of transfer. *Cook*, 816 F. Supp. at 669 ("[T]he court believes that construction of Oklahoma law is better left to an Oklahoma court that is undoubtedly more familiar with it."). Moreover, Colorado has a greater interest in hearing this case, as it arises from events that occurred in the Denver area.[3] *See id*. ("[T]he court believes it would be more appropriate to have the case tried before a jury selected from residents of the state having the greatest interest in the case, namely, the state where the accident occurred.").

### C.     Difficulties that May Arise From Congested Dockets

This Court must also consider the question of congested dockets. As Defendant demonstrated in its motion, district courts in Colorado carry much less congested dockets than district courts in New Mexico. The Judicial Caseload Profile Report for 2004 shows that the District of New Mexico had more weighted filings[4] per judge than the District of Colorado. *See* The Federal Judiciary, *Federal Court Management Statistics*, *available at* http://www.uscourts.gov/fcmstat/index.html (last visited June 8, 2005). Moreover, the District of

---

[3] In this vein, the cost of making the necessary proof in this case clearly would be less in the District of Colorado due to the location of almost all of the evidence in that state. Further, as Defendant notes in its motion, "[t]rial of this matter may ... require view of the Denver motel property." It would be much easier for a jury in the District of Colorado to devote part of its day to viewing the Motel 6.

[4] Weighted filings statistics account for the different amounts of time district judges require to resolve various types of civil and criminal actions. Average civil cases or criminal defendants each receive a weight of approximately 1.0; for more time-consuming cases, higher weights are assessed (e.g., a death-penalty habeas corpus case is assigned a weight of 12.89); and cases demanding relatively little time from judges receive lower weights (e.g., a defaulted student loan case is assigned a weight of 0.031). *See* The Federal Judiciary, *Federal Court Management Statistics: Explanation of Selected Terms*, *available at* http://www.uscourts.gov/library/fcmstat/cmsexpl04.html (last visited June 8, 2005).

New Mexico's felony criminal filings per judge are the highest in the country. *See id.* For this reason, the instant case likely would be heard more expeditiously in the District of Colorado.

### D. Other Considerations Cited By Defendant

Finally, other practical considerations weigh in favor of transfer to the District of Colorado. Transfer would be more economical both for the courts and the parties. Transfer would obviate the need for numerous Colorado witnesses to travel to New Mexico for depositions or for trial. Transfer would obviate the need for the jury to travel to Colorado to view the Motel 6 site, if such a visit becomes necessary.

### CONCLUSION

For the foregoing reasons, the Court finds that Defendant has met its burden of proving that transfer to the District of Colorado would be appropriate for the convenience of the parties and witnesses, and in the interests of justice. The case arises from events that occurred in Colorado, the majority of potential witnesses are located in Colorado, and Colorado law governs Plaintiff's claims and Defendant's counterclaim. Because the instant case is based on diversity of citizenship, it originally could have been brought in the District of Colorado pursuant to 28 U.S.C. § 1391(a). **IT IS THEREFORE ORDERED** that Defendants' Motion to Transfer **[Doc. No. 11]** is hereby **GRANTED.**

Dated this 8th day of June, 2005.

_____
MARTHA VAZQUEZ
CHIEF U.S. DISTRICT JUDGE

Attorney for Plaintiff
Donald Sears, Jr.

<u>Attorney for Defendant</u>
Jacqueline M. Woodcock
Christa M. Hazlett